First case is Runyon v. Galloway, 5-18-044. Parties are ready. May I please report? Count it. In 16 days, we will mark the 12-year anniversary of a motor vehicle accident that occurred in Richland County, Illinois. Would you state your name for the record? Dan Bradley for the account. In five days, it will be the 10-year anniversary of the filing of the complaint and the issuance of the summons. And two years before that was the accident. Yes. The summons was served eight years and four months later. What we're asking this court to review is the denial of the motion to dismiss by the circuit court, which indicated that service eight and a half years after issuance of the first summons was reasonable. Mr. Bradley, you asked and moved the court for a 308, a Rule 308 appeal, correct? That is correct. What is the rule of law that you want us to review de novo? It is Supreme Court Rule 103B, reasonable diligence in the service process. But you want us to fact-find. You want us to determine under the question one whether the court abused its discretion. How do we review de novo an abuse of discretion? I think that the court has the ability to review the facts that was laid before the circuit court to determine whether or not the circuit court properly applied the litmus test as illustrated by the Supreme Court in determining whether or not plaintiff exercised due diligence and if plaintiff did not exercise due diligence, whether the delay was justifiable. Well, under Rule 308, the trial court is supposed to identify the rule of law, correct? I believe that they are to answer or certify the questions to the appellate court. Yes, Your Honor. Well, that's not all they're supposed to do under Rule 308. The order involving the question of law as to an immediate appeal must materially advance the ultimate termination of litigation and the court shall so state in writing identifying the question of law involved. In this case, all the court did is say granted. So I'm having a hard time figuring out what the rule of law is that I'm supposed to look at. Other than the facts. So maybe you can help me with that. Well, again, we filed a motion to dismiss pursuant to Supreme Court Rule 103B. I understand. And it was denied. And just like every other appeal, you go down the road and then you appeal the final order. But I'm looking for the Rule 308 legal issue involved, not the facts. Well, we did ask for a dismissal with prejudice, which would materially affect the litigation if granted, because the case would then be over. I understand. And if every litigant did that, if every litigant got a 308 appeal, this court would be inundated with motions to dismiss that were denied where the other party felt it was improper. And that's what I see your case as. Well, I think that's accurate. If, indeed, every 308 were granted by the circuit court. Here, I think that Judge Dunn, in this case of Richland County, felt that the facts combined with the application of the law were so, I'll use the word novel, perhaps egregious might be another word, that he felt it warranted immediate appellate review, impossible dismissal despite his own ruling. And that's, I can't read Judge Dunn's mind to say that that's what he thought, but he did grant the motion. He granted the motion, but you all suggested the questions. And the questions talk about abuse of discretion. Our Supreme Court has told us or instructed us that these are to be used sparingly, and I'm going to screw up the name of this case, but it's ROZSAVOLGYI v. City of Aurora. And in that case, maybe you can distinguish it. It says that if we are to review the facts of the case, if an answer is dependent upon the underlying facts of the case, a certified question is improper. So how do you reconcile that rule of law from our Supreme Court with where we're here today? Well, I mean, any case is going to turn on some factual analysis, but I think it's the application of the law of the Supreme Court rule that deserves the appellate review in this particular case. So what I'm hearing is you don't have a specific rule of law that's at issue here. You have certain facts that you believe were applied improperly to the 103B, right? The Court didn't do as you had hoped, and in fact, you answered the complaint. Well, I don't know if I would say that it's a factual-based analysis only. Well, you can ask us to use abuse of discretion in the question. Well, to the extent that if the law, as illustrated by 103B and interpreted by the Supreme Court, has been misapplied, then it is a question of whether that law has been misapplied. But, I mean, you have to discuss facts in that to make that determination. But doesn't 103B give the Court a variety of factors so that there's not just one factor, for example? The Court has to look at the reasonable diligence. And in this case, the Court entered a 10-page order making its analysis. So are we supposed to now look at that and say, hmm, what the Court did or did not do was an abuse of discretion? Is that what you're wanting us to do? Yes, I think that the Court misapplied those factors given the facts. Given the facts? Well, every case that has some fact-intensive application, then I think the Court, perhaps in review, on my finding of my motion, agreed that it deserves some amount of... Well, if the Court didn't certify a rule of law, the Court just granted your motion and it was unopposed, right? Yes, the Court did grant the motion. I don't recall there being an opposition to it. Okay. Go ahead, please. Thank you. Looking back on the case, once the Court issued the initial service of summons in August of 2008, there is no effort in which to serve the defendant, despite the fact that the Court, having held case management conferences up until October of 2009. So there is no indication that there's a delay or somebody was not aware that there was service. There was ample opportunity for the file to be reviewed. And, of course, the plaintiff is responsible for prosecuting his own case. If you look at that until October of 2009, which was a date earmarked in the Court, you have 14 months since the issue of some service with no effort in which to serve the defendant. Now, from October 2009, there is no activity in the Court for five years and four months until February 13 of 2015. And now, of course, there are almost seven years after filing of the complaint, the issuance of the first summons. There has been zero activity, zero effort in which to serve the defendant, other than forwarding the summons in 2008 to the Jasper County Sheriff. So now we're looking at a period of time of well over six years with no effort of service of summons. When the Court, on its own motion, says issues a show cause in February of 2015 and sets another case management order to show cause in March, I think those dates are important because, once again, even if you were willing to overlook the six-plus years of no efforts to serve the defendant, the Court here, once it's brought to the attention and says, hey, show cause, counsel would have had the opportunity to review his file, the Court file, and say, oh, I didn't get service. Let me take some effort to do that. Yet there was none. And, in fact, I believe that the Court file contains at least no less than eight case management conferences between March of 2015 and November of 2015. And, again, even after, if you're willing to overlook the first six-plus years, we're talking about March to November of once the Court has brought the case back up to the attention of counsel where there's no effort of service at all. Indeed, the Court even vacated its own trial order of December of 2015 for lack of service. So now we're seven years out, nine months after the show cause, trial vacated, no effort to show, any service on the defendant, no effort even made to serve the defendant. The Court continues to hold case management conferences throughout 2016 up to and including July, where now for the first time there's some activity and a request for alias summons to be issued. But now we're 14 months past the initial show cause and then almost eight years to the day of the filing of the complaint and the issue of the summons. I think when we, as Justice Cates has mentioned, those factors identified by our Supreme Court, when you review the time, it was their diligence. This isn't a case where there was efforts made and the defendant failed to avail herself of service. Quite the opposite. This young lady lived in Flora, which is about 30 minutes from Alney. Her parents resided at the exact same address as was on the police report, so there could have been some attempts made to achieve service utilizing that information. Instead, what we have are... Well, and as you didn't state in the docket entry record, it indicates that Plaintiff's counsel is negotiating, and I use that word from the record, quote-unquote, with the other side, right? And he mentioned that up until October of 2009. Right, so Plaintiff could have gotten the address from the person he was negotiating with, right? I mean, there's many ways he could have gotten it. Even Google, right? Google... But the point is he was negotiating with the other side at some point early in the case. That is correct. Justice Casey was negotiating, and I think October of 2009 was the demarcation where inactivity really set in and nothing occurred. Now, I would only point out the fact that in this eight-year period there were no efforts of service. No, but again, I hear you arguing facts, facts, facts, facts. All of these facts, which Justice Garmon of our Supreme Court says that is not what we do in a 308. So I'm waiting for the rule of law. Well, and again, I think when you examine 103B, the intent of 103B, and the factors listed by the Supreme Court, you do have to have a little bit of factual analysis to look at those factors to see whether that law has been indeed ignored in this case. Have you found any Rule 103B cases in your analysis that are reviewed de novo? Aren't they all reviewed with an abuse of discretion? I think abuse of discretion is the standard, yes. All the appeals that we do have under Rule 103B are reviewed for an abuse of discretion, not de novo, right? I believe that to be correct, yes. Now, just to point out, although there were no efforts made of service, there are many other ways to achieve service if you cannot locate a defendant. But none of those are requested. None of those are asked for. And I would only very briefly state that in the reply brief,  which is one of the factors brought up by our Supreme Court. And as I stated, she lived in Flora for six years after the accident. Her parents resided at the same address as listed on the police report. And just lastly, I'll mention the fact that there was some insinuation that she experienced a name change, which may have made it more difficult. I hardly think that getting married and taking your spouse's name is some type of invasion of service or process, especially when there's been no effort to make service a process. It's difficult to argue that it was hard to find a defendant when you don't make an effort to do so. Isn't it true that a non-attorney family member got the information off of Facebook or something to ultimately find out where the woman was living? Yeah, it would appear that the daughter, I think, of the plaintiff made a Facebook inquiry. Now, I don't do Facebook, so if I misuse the term, she'll have to forgive me. But I think she attempted to friend her on Facebook, and the appellant, in this case, declined, not knowing her. I mean, what we know about Facebook, we don't know who was doing that. It could be the Russians, for all we know. So she declined, and I don't think that serves as a basis that she was evading any type of service. Instead, I don't do Facebook, but I certainly don't know that I would accept some type of request from someone I didn't know. I don't think that's in any way sinister. Thank you. All right, thank you. You have time to revolve. Thank you. Good morning. My name is Stephen, S-T-E-P-H-E-N, Hope, H-O-U-G-H. I represent the appellee Shirley Runyon. Your Honor, I would like the court to recognize the fact that Judge Dunn undertook a very long hearing on this case, and then went until March of 2017, and then went until October, where he analyzed all the cases and applied the test that the Supreme Court says is the test to be applied to 103B matters. No one is more unhappy than I that this service never got done. We had a lady who was 18 years old or so approximately at the time of the accident. She moved. The affidavit that was submitted on behalf of the defendant to dismiss the case indicated that she moved. She had a different name. She lived in Florida. She moved how long after the time of the accident? How long after the accident? Not very long. When we were taking this service, she lived in Florida all her life. But her insurance company, you were somewhere else. Her insurance company, not any insurance company. I'm sorry. Her insurance company was in negotiation with the plaintiff for some period of time after the accident. That insurance company was still a retained insurance company for that individual. To my understanding, they were. We rejected at least two offers that they made to settle the case. Which means you had access to her. I had access to her. If you were an adjuster, you could have said, Okay, that's it. We're having trouble serving her. We're going to get an alias. Give me her address. The adjuster then was no longer with the company the next time I tried to touch base with her. Well, you knew who the company was. I knew who the insurance company was, but the insurance company would not give me any personal information regarding their client. Well, if you write a letter under Illinois law, you're entitled to the policy, right? The policy was under the names of the defendant's parents. So a respondent? That was the address. 224 couldn't have been filed? I did not do that. We tried to. Excuse me. I didn't see an alias summons issued until 2016. We issued an alias summons after my secretary and Mrs. Post, who was my client's daughter, were discussing the matter one day because my secretary at the time lived very close to Jasper County. We tried to serve the summons. She went by the house. There was nobody there. She then started inquiring among people, and she also looked on Facebook. I don't know how that worked. Mr. Huckabee, if you had had use of due diligence, at least an alias would have been issued after you stopped negotiating. We issued an alias summons on an address that we determined in Clay County that she lived at. I'm sorry. Go ahead. How long after? It was several years. It was 2016. Have you found any cases with regard to the time collapsed that allow for more than several months as opposed to eight years? There's fact-specific cases. That's why we're saying that the judge took it almost into consideration. He heard a lot of testimony. He heard testimony from Mrs. Probst. He heard a lot of argument before he undertook it. And he waited. He went from March to October before he issued his ruling, and the ruling set out everything that we were supposed to do. Mr. Huff, you just hit on something I asked Mr. Bradley about, and that is you said everything is fact-specific. That's correct. So what is the rule of law we're here about today? The rule is that it's— What is the rule that will materially advance this case? The material advance of cases is for this court to uphold the appeal, or uphold the ruling the judge done, and let us advance with our trial. Now, we have a certificate. We can get discovered in it. Why couldn't you do that without a 308? You already won. They— You won. They went to court. They submitted the broken rules and questions of law. You didn't object. It wasn't a good— You didn't object. No, I didn't. It wasn't really good. They submitted it to the judge. The judge cited it, and they moved on. Mr. Bradley told me the day or so after we hit her that they were going to appeal. But they answered the complaint. Just because Mr. Bradley says they're going to appeal doesn't mean they get an appeal, right? You know that. That's correct, Your Honor. Also, I don't understand why we're here. Well, that's kind of my reasoning. I'm going after the judge's ruling on COVID, and that's the basis of my defibrillator. I don't know why we're here. Well, perhaps because you didn't object. Go ahead. Proceed. I don't— Anyway, the judge applied all of those factors, and he went through each and every one and set them forth in his order, which is contained in the record. In addition, the defendant lived in Florida from January 2008 until the motion to dismiss was filed. On September 8, 2008, the traffic accident occurred. She was living in Jasper County. She states she worked in Florida, Illinois since 2007. Florida, Illinois is not in Jasper County. It is in the same circuit, but it's not in Jasper County. She was married. She also stated that she— Jasper County is Shelbyville, isn't it? Pardon? Jasper County is Shelbyville. No, it's Newton. Newton? Newton, Illinois is the county seat there. And that was where— But Shelbyville is— Shelbyville. You're right. You're right. Where is Flora? Flora is in Clay County. Clay County. And they're both adjacent to Richland County, but one's best and one's worst. Okay. But it's a little town. Very little. Lincoln, you might be through, Flora. I mean, really, it's a very tiny town. It is. So is Albany. Yes, so is Albany. But that's—we think that the judge did everything he was supposed to do. He made the ruling. He based it on facts. He cut all the evidence. He was able to deduce from the evidence the truth and the liability of the witnesses. I know that Ms. Galilei, now known as Ms. Lambeth, didn't appear. She filed an affidavit in which she stated this is all the places she lived and she was not availing herself of service. We filed an alien summons and hadn't attempted service in Flora. She didn't live at that address either. Then she moved. She moved. Then my secretary, Ms. Harrison, at the time, knew someone who was in the real estate business in Flora. She called and got the address that we later served with. But that was 2016? December. December. December 2016. Yes. Yeah. She found her because—she found a house. And at that time, Mrs. Graham's daughter had attempted to frame Ms. Facebook, Ms. Lady on Facebook, whatever that means, and was rejected. She did—Mrs. Probst did ask several other members of her family and other people whether they knew anybody. And that's when she came up with the name Lambeth. And we had to try to serve that too. We were successful in getting service very quickly once we found out who she was and where she lived. And they answered very quickly, defended her appearance very quickly. Yes, they did. But we believe that the kneeling of the court should be let alone and we should proceed with this case. Any other further questions from the panel? No, please. Thank you. Thank you for your time. Counselor? You're asked to ignore eight and a half years of inactivity and focus only on the short period of time of July to December. We feel that that eight and a half years of absolute inactivity merits dismissal pursuant to 103B. Thank you. Thank you. We'll take the matter into consideration and issue a ruling in due course.